13 N.J. Super. 155 (1951)
80 A.2d 244
HAROLD OTTO JENSEN, PLAINTIFF,
v.
VIRGINIA JENSEN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 16, 1951.
*156 Mr. Nathan Cholodenko, attorney for plaintiff.
Mr. Charles S. Peraino, attorney for defendant.
HEGARTY, A.M.
This is a proceeding brought at the instance of the plaintiff on notice of motion and supporting affidavits, directed to the defendant, for an order requiring the defendant and one, Barry Jensen, now in the custody of the defendant, to submit to one or more blood grouping tests to the end that the paternity of the said child, Barry Jensen, may be determined.
The suit from which this application stems has been finally concluded, and, for an understanding of the issue herein decided, it is necessary to set forth a brief statement of the pleadings thus far filed in the cause.
On January 5, 1949, the plaintiff filed his complaint for absolute divorce against the defendant and charged in paragraph four therein that he and his wife "lived together as husband and wife until the latter part of October, 1947, at which time defendant left plaintiff and has never returned, nor has plaintiff had access to nor sexual intercourse with the said defendant since the latter part of August, 1947. On the 21st day of September, 1948, the defendant was confined at Hackensack Hospital, Hackensack, New Jersey with a miscarriage, the dead embryo being a result of the adultery of defendant with some person unknown to plaintiff; that the defendant since her marriage with plaintiff, and in the months of October, 1947 to May, 1948, at some place unknown to plaintiff *157 committed adultery with a person whose name and description are not known to plaintiff." In paragraph 5 of the complaint it is alleged that three children were born of the marriage, to wit: Virginia, aged 11; Harold, aged 9 and Jerilyn, aged 5. Harold and Jerilyn are in the custody of the plaintiff and Virginia is in the custody of the defendant. By paragraph 6 he seeks the custody of the children charging that the defendant is unfit to have the custody of any of the aforementioned children and their welfare requires that plaintiff be given their custody. In paragraph 7 of the complaint the plaintiff alleged: "On the 3rd day of February, 1947, a child, Barry, was delivered of the defendant, said child being born as a result of the adultery and illicit relationship of the defendant with one Charles Elmore, at a time and place unknown to plaintiff." By paragraph 8, reference is made to a prior proceeding wherein the defendant charged plaintiff, in the Juvenile and Domestic Relations Court of Bergen County, with non-support of the children, Virginia Jensen and Barry Jensen. Defendant petitions said court for custody of Harold G. Jensen and Jerilyn Jensen and plaintiff petitions said court for custody of Virginia Jensen. Defendant asks no maintenance in said court for herself. Plaintiff denies the paternity of the child Barry.
Plaintiff demands judgment: (a) dissolving the marriage between the parties, (b) Awarding him the custody of the minor children, Virginia C. Jensen, Harold G. Jensen and Jerilyn Jensen, (c) A determination of this court of the paternity of the child, Barry, through blood tests.
The answer filed by the defendant is in denial of the acts of adultery charged but she does admit so much of paragraph four of the complaint wherein is alleged she and plaintiff have been separated since October, 1947 and she had a miscarriage. She specifically denies the plaintiff had no access to nor sexual intercourse with her since the latter part of August, 1947, and further denies the dead embryo was the result of adultery. The defendant admits the birth and custody of the three children named in the complaint but charges there were four *158 children born of said marriage including Barry, aged 19 months, in her custody. She admits proceedings were had in the Juvenile and Domestic Relations Court of Bergen County as charged, except wherein it questions the paternity of the child, Barry.
At the hearing of the cause the defendant abandoned the answer filed and the matter proceeded ex parte after the plaintiff had abandoned the allegation against the defendant wherein he charged:
"On the 3rd day of February, 1947, a child Barry, was delivered of the defendant, said child being born as a result of the adultery and illicit relationship of the defendant with one Charles Elmore, at a time and place unknown to the plaintiff."
Testimony was received concerning the charge that defendant left plaintiff in October, 1947, and never returned to him and plaintiff has not had access to nor sexual relations with defendant since the latter part of August, 1947, and, on September 21, 1948, defendant was confined at Hackensack Hospital, Hackensack, New Jersey, with a miscarriage, the dead embryo being the result of the adultery of defendant with some person unknown to plaintiff, * * *.
The plaintiff had the judgment against the defendant on the charge of adultery resulting in the miscarriage. By his own statement four children were born of the marriage: Virginia, Harold, Jerilyn and Barry. In appropriate orders contained in the judgment nisi, the plaintiff was awarded custody of the children, Harold and Jerilyn, and the defendant was awarded the custody of the children, Virginia and Barry. Each of the parties was accorded right of visitation at reasonable hours during the day. Provision was also made whereby plaintiff was ordered to pay to the defendant the sum of $25 per week for the support and maintenance of Virginia and Barry, infant children of the marriage.
By a subsequent proceeding the plaintiff sought to obtain permanent custody of the child, Virginia. The custody of Virginia, after hearing, was continued in defendant. However, the application of the plaintiff is held open to the end if *159 changing circumstances respecting her custody require further action the same can be promptly acted upon without the necessity of a new proceeding.
It can be noted the trial of the suit for divorce proceeded without blood grouping tests having been had, as demanded, for the very obvious reason plaintiff, at the outset, abandoned the specific charge of adultery against the defendant with one Charles Elmore, allegedly the father of the child, Barry. It is conceded that Barry was born while the parties resided together, to wit: on February 3, 1947, and that the plaintiff and defendant resided together until October, 1947, when they finally separated. The plaintiff testified he and defendant have not engaged in acts of sexual intercourse since the month of August, 1947.
The affidavits filed in support of the present application clearly shows the plaintiff had knowledge of the alleged adultery of the defendant with one Charles Elmore, right after the birth of the child, Barry, and while he lived with her during 1947. Since the entry of the judgment nisi on May 5, 1949, the plaintiff has paid for the support of the child, Barry, in accordance with the order of court.
The infirmity in the plaintiff's present application is that he permitted the suit for divorce to proceed without blood grouping tests having been made and abandoned the specific charge of adultery on which he rested his claim of disputed paternity of the child, Barry. The judgment nisi adjudges four children were born of the marriage, including the child Barry, and orders the plaintiff to support that child. In the light of the events thus related, the plaintiff cannot now invoke the provisions of R.S. 2:99-4. He abandoned that right when the divorce case was heard on April 21, 1949. In effect, the court is asked to re-open the case for the purpose of ordering blood grouping tests. I find and conclude, in the circumstances, the plaintiff is not entitled to the relief he is seeking and his application for an order for the tests is denied.
The plaintiff shall pay to the defendant or to her attorney a counsel fee in amount of $75.